```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                   1:07CV43-MU-02
```

MICHAEL CHRISTOPHER YANCEY        )
    Plaintiff,                    )
                                  )
    v.                            )         **O R D E R**
                                  )
BUNCOMBE COUNTY DETENTION         )
  CENTER,                         )
_____)

    **THIS MATTER** comes before the Court on review of the plaintiff's form-civil rights Complaint under 42 U.S.C. §1983, filed January 26, 2007. For the reasons stated herein, this matter will be <u>dismissed</u> <u>without prejudice</u>.

    According to the Complaint, the plaintiff alleges that in or about November 2006, he posted a letter for mail at the Buncombe County Detention Center. However, the plaintiff further reports that the subject letter subsequently was opened, placed in a new envelope, readdressed and then sent back to him. The plaintiff also complains that on an occasion, his incoming legal mail was opened outside of his presence. Consequently, the plaintiff believes that some unnamed person at the defendant Detention Center has violated his First and Sixth Amendment rights; and that he is entitled to $300,000.00 in unspecified damages for those violations.

Notwithstanding the plaintiff's beliefs, however, the Court has reviewed the attachments to his Verified Statement--by which he seeks to establish that he has exhausted his administrative remedies for the allegations set forth in his Complaint--and has determined that this Complaint cannot proceed.  That is, the subject attachments reflect that on December 4, 2006, the plaintiff submitted an inmate grievance, but only concerning the incident with his outgoing mail; and that on December 6, 2007, such grievance was considered and rejected on the basis of the reviewer's belief that the plaintiff's outgoing mail actually was mailed from the facility, but the letter's recipient--who may or may not have been the actual addressee--opened and then returned the letter to the plaintiff.

In any event, the reviewer's response was on a form which contained a place where the plaintiff could have indicated that he wished to appeal that determination.  Critically, the plaintiff did not sign the form or otherwise express any desire to proceed with an appeal.

Consequently, based upon the foregoing, it appears that the plaintiff has not even grieved the incident involving his incoming mail; moreover, he has not appealed the decision concerning his outgoing mail.  In sum, therefore, the instant Complaint must be dismissed, albeit without prejudice, for the plaintiff's failure to fully exhaust his administrative remedies on the

claims set forth therein.  See <u>Booth v. Churner</u>, 532 U.S. 731 (2001).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  The plaintiff's Complaint is **DISMISSED without prejudice** for his failure to fully exhaust his administrative remedies for the claims set forth therein. 42 U.S.C. 1997e.

**SO ORDERED.**

Signed: March 6, 2007

Graham C. Mullen
United States District Judge